**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

J. CORY RECKNOR,

        Plaintiff,

                                Case No.  26-CV-623

-vs-

RESEARCH PRODUCTS CORPORATION,
a Wisconsin Corporation, and DALE R. PHILIPPI,
individually,

        Defendants.

## COMPLAINT FOR UNLAWFUL TERMINATION

Plaintiff, J. Cory Recknor ("Plaintiff"), by his attorneys, FOX & FOX, S.C., complains of Defendants, Research Products Corporation ("RPC"), and Dale R. Philippi ("Philippi"), individually, as follows:

### NATURE OF CLAIMS

1.  This case concerns Plaintiff's claims against: (a) Philippi for unlawfully interfering with his employment relationship with RPC in violation of Wisconsin law (Wis. JI - Civil 2780)(2014)); and (b) RPC for unlawfully discharging him in violation of Wisconsin public policy.

### JURISDICTION AND VENUE

2.  This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

3.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) since RPC's principal place of business is located in Madison, Wisconsin, and the alleged misconduct occurred in this judicial district.

## PARTIES

4.    Plaintiff is an adult resident and citizen of the State of Texas.  From or about 2004 until his abrupt termination on May 6, 2025, Plaintiff was employed in Madison, Wisconsin as RPC's Chief Financial Officer ("CFO") and reported to Philippi, RPC's President/Chief Executive Officer ("CEO") who exercised full supervisory control and authority over Plaintiff.

5.    RPC is a Wisconsin corporation and a leading provider of residential and commercial indoor air quality products, with its headquarters located at 1015 East Washington Ave., Madison, Wisconsin 53703 (www.researchproducts.com; and www.aprilaire.com), and its registered agent for service is: Corporation Service Company, 33 East Main St., Ste. 610, Madison, Wisconsin 53703.    RPC is a Wisconsin citizen for purposes of 28 U.S.C. §1332(a)(1).

6.    On information and belief, Philippi is a California citizen for purposes of 28 U.S.C. §1332(a)(1).  At all times relevant, Philippi was a W-2 employee of RPC and worked at its 1015 East Washington Ave., Madison, Wisconsin 53703.

## SALIENT FACTS

7.    At all relevant times during his employment as CFO, Plaintiff informed Philippi and RPC's payroll department that governing Wisconsin law required RPC to withhold Wisconsin state income taxes from Philippi's payroll checks notwithstanding Philippi's claims that he was exempt from Wisconsin state income tax withholding, or from paying Wisconsin state income taxes, because he was a California resident.

8.    Philippi adamantly opposed any Wisconsin income tax withholding from his RPC payroll, and on multiple occasions he became angry, frustrated, and unfairly berated Plaintiff for insisting that

PRC's payroll department must withhold Wisconsin income taxes from Philippi's paychecks.

9. In connection with a May 6, 2025 corporate merger involving RPC and various other corporate entities, Plaintiff also insisted, over Philippi's objection, that RPC must disclose in the *Merger Agreement*, @ *Disclosure Schedules*, Art. IV (Tax Matters), Section 4.11(a), that:

> **The Company's Chief Executive Officer, Dale R. Philippi ("Philippi") has taken the position that he is and was for all tax periods for which the Company made payments to Philippi, a resident of California, and not a full-year or part-year resident of Wisconsin, for Income Tax purposes. The Company has not withheld Wisconsin Income Taxes on amounts paid to Philippi. *If Philippi is and was considered a resident of California for all tax periods for which the Company made payments to Philippi, the Company should have withheld Wisconsin Income Taxes on the amounts paid to Philippi for Wisconsin source income, including for services performed in Wisconsin. If Philippi is or was considered a full-year or part-year resident of Wisconsin for any tax period for which the Company made payments to Philippi, the Company should have withheld Wisconsin Income Taxes on all amounts paid to Philippi.* (Emphasis added).**

10. On May 6, 2025, immediately after RPC's merger transaction was consummated, Philippi terminated, or caused Plaintiff's immediate termination, from RPC. Philippi then circulated an *Announcement* falsely claiming that Plaintiff had "decided to leave" RPC, and thanked him for his contributions and dedicated service to RPC over many years.

### COUNT I
**(Philippi's Intentional and Unlawful Interference With Plaintiff's Employment)**

1. Plaintiff realleges paragraphs 1 – 10 above as paragraph 1 of Count I.

2. At all relevant times, Plaintiff had a long-term employment relationship with RPC, and was a loyal, dedicated CFO who satisfactorily performed his duties - as Philippi was fully aware.

3. At all times relevant, Plaintiff had a reasonable expectation that his employment relationship with RPC would continue in the future, and he was fully capable and willing to continue working at RPC.

4. By terminating, and/or causing RPC to terminate Plaintiff's employment, as alleged, Philippi unlawfully interfered with his employment relationship at RPC. Philippi acted willfully, in

3

bad faith, without privilege, and was improperly motivated by his *personal* financial interests - and wholly apart from, and detrimental to, RPC's lawful corporate interests.

5.    As a direct and proximate result of Philippi's alleged misconduct, and Plaintiff's termination, he has lost, and/or will lose, significant employment-related income, compensation, benefits, and value of Madison Air (acquiror of RPC) Equity Awards - all of which he would have realized but for his unlawful termination, in addition to damage to his career and good business reputation.

6.    Plaintiff has also suffered humiliation, emotional distress, anxiety and similar damages as a direct and proximate result of Philippi's wrongful conduct, as alleged.

**WHEREFORE**, Plaintiff, J. Cory Recknor, prays that judgment be entered in his favor and against Defendant, Dale R. Philippi, individually, as follows:

A.    An award compensating him for lost employment-related income, compensation, benefits, Equity Awards, and other resulting financial losses, as well as lost interest thereon - in excess of $75,000.00 and in an amount to be determined at trial;

B.    An award compensating him for his career loss, reputation, and compensatory damages - in excess of $75,000.00 and in an amount to be determined at trial;

C.    An award of punitive damages - in excess of $75,000.00 and in an amount to be determined at trial;

D.    An award of his costs and any available attorney's fees in this action; and

E.    Such further relief that the Court may deem appropriate.

## COUNT II
### (Plaintiff's Unlawful Termination In Violation of Wisconsin Public Policy)

1.    Plaintiff adopts and re-alleges paragraph 1 of Count I as paragraph 1 of Count II.

2.    At all relevant times, there was a fundamental and well-defined Wisconsin public policy requiring Wisconsin employers (including RPC) to withhold state income taxes on their employees' payroll and submit such tax revenue to the Wisconsin Department of Revenue.

3.   This public policy also includes mandatory Wisconsin state income tax withholding on payroll for out-of-state resident employees for Wisconsin-source income; as well for employees who are full or part-year residents of Wisconsin for any tax period in which it makes payroll payments to any such employee.

4.   This fundamental tax-related Wisconsin public policy is also reflected in Wisconsin law, including, *inter alia*, its Department of Revenue Regulations; Wis. Stat. §71. 02 – 03, and the Wisconsin Administrative Code (Tax) Section 2.90 (required payroll withholding).   Plaintiff's termination at RPC violated this Wisconsin public policy.

5.   Plaintiff's termination was also in retaliation for having insisted and instructed RPC's payroll department to withhold Wisconsin state income taxes on Phillipi's payroll (over Philippi's objections); and/or (b) his inclusion of the required tax-related disclosure in the subject *Merger Agreement*, @ *Disclosure Schedules*, Art. IV (Tax Matters), Section 4.11(a) which disclosure was also mandated by Plaintiff's legal obligations in connection with the subject merger.

6.   As a direct and proximate result of his termination, Plaintiff has, *inter alia*, been damaged and has lost and/or will lose significant employment-related income, compensation, benefits, and the value of Madison Air (acquiror of RPC) Equity Awards, all of which he would have realized but for his unlawful termination.

**WHEREFORE**, Plaintiff, J. Cory Recknor, prays that judgment be entered in his favor and against Defendant, Research Products Corporation, as follows:

A.   An award compensating him for lost future employment-related income, compensation, benefits, Equity Awards, and other resulting financial losses, as well as lost interest thereon - in excess of $75,000.00 and in an amount to be determined at trial;

B.   Alternatively, ordering his reinstatement as CFO of Research Products Corporation, with payment of all lost employment-related income, compensation, benefits, Equity

Awards, and other resulting financial losses, as well as lost interest thereon, in excess of $75,000.00 and in an amount to be proven at trial;

C.   An award of his costs and any available attorney's fees in this action; and

D.   Such further relief that the Court may deem appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL OF HIS CLAIMS**

Dated this 8th day of July, 2026.

**FOX & FOX, S.C.**

**Attorneys for Plaintiff, J. Cory Recknor**

By: s/*Randall B. Gold*
Randall B. Gold (WI Bar No. 1034435)
Michael R. Fox (WI Bar No. 1107458)
124 West Broadway Ave.
Monona, Wisconsin 53716
Telephone: (608) 258–9588
rgold@foxquick.com
mfox@foxquick.com